IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KYLE HOLLAND, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-291-RP |
| YARDI CORPORATION, | § § § | |
| Defendant. | § § | |

## **ORDER**

Before the Court is Plaintiffs' motion requesting a "Cease and Desist/Restraining Order" against Defendant, which the Court construes as a motion for a temporary restraining order. (Dkt. 2). Federal Rule of Civil Procedure 65 permits the Court to issue a temporary restraining order without notice to the adverse party only where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Plaintiff has neither served Defendant nor informed the Court of any attempt to give notice.

Moreover, a party moving for a temporary restraining order must establish "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied; (3) that the threatened injury outweighs any damage that the temporary restraining order might cause the defendant; and (4) that the temporary restraining order will not disserve the public interest." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Plaintiff has not met his burden with respect to any of those four factors.

1

Because Plaintiff has not made the requisite showing of the necessity of temporary injunctive relief, his motion for a temporary restraining order, (Dkt. 2), is **DENIED**.

**SIGNED** on April 6, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE