IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KYLE HOLLAND, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:18-CV-291 |
| YARDI CORPORATION, | § § § | |
| Defendant. | § § § | |

## ORDER

Before the Court is Plaintiff Kyle Holland's ("Plaintiff") Motion for Court Appointed Attorney (Dkt. 3) and Application to Proceed *In Forma Pauperis* (Dkt. 4) and Financial Affidavit in Support, along with his Complaint (Dkt. 1).

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Plaintiff's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

**A.     Standard of Review**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.     Plaintiff's Lawsuit**

Plaintiff is no stranger to this Court. In the past four months, Plaintiff has filed five frivolous lawsuits in this Court. *See e.g., Holland v. Lane*, 1:18-CV-259-RP (W.D. Tex. April. 2, 2018) (recommending dismissing § 1983 lawsuit based on judicial immunity and failure to state a claim); *Holland v. Yeakel*, 1:18-CV-191-RP (W.D. Tex. Mar. 26, 2018) (recommending dismissing § 1983 lawsuit based on judicial immunity and failure to state a claim); *Holland v. Massad*, 1:18-CV-004-LY (W.D. Tex. Mar. 7, 2018) (dismissing § 1983 lawsuit for lack of jurisdiction where plaintiff attempted to re-litigate domestic relations case); *Holland v. Abbott*, 1:17-CV-1121-SS (W.D. Tex. Feb. 22, 2018) (dismissing Tile VII religious discrimination lawsuit as frivolous); *Holland v. Abbott*, 1:17-CV-1122-SS (W.D. Tex. Feb. 22, 2018) (dismissing Equal Pay Act lawsuit as frivolous). Plaintiff has also been charged with possession of marijuana, not prescribed by a physician, in and on federal property, in violation of 41 CFR § 102-74.400. *See United States v. Holland*, 1:18-MJ-074-AWA.

Once again, Plaintiff is attempting to file a frivolous lawsuit in this Court that must be dismissed. Plaintiff files this lawsuit under 28 U.S.C. § 1983 alleging that Yardi Systems, a software corporation, violated his civil rights by calling the police after Plaintiff entered the company's local office to use the bathroom. Plaintiff has failed to allege a viable claim under § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins., Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (internal quotation marks omitted). In keeping with this rule, neither a private company nor a private individual are generally considered to act under color of law and are not state actors to be held liable under § 1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals

generally are not considered to act under color of law, i.e., are not considered state actors...."). "Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id.* However, "[i]t is well-established that '[a] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority.'" *Moody v. Farrell*, 868 F.3d 348, 353 (5th Cir. 2017) (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 388 (5th Cir. 1985)). "For this reason, evidence that a private citizen reported criminal activity or signed a criminal complaint does not suffice to show state action on the part of the complainant in a false arrest case." *Id.*

Plaintiff has failed to show a basis for § 1983 liability against the private corporate entity in this case. *See id.*; *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir.) ("For a private citizen, such as Ward, to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors."), *cert. denied*, 543 U.S. 829 (2004). Accordingly, Plaintiff has failed to state a claim for relief under § 1983 and his lawsuit should be dismissed under § 1915(e)(2)(B).

**B.     Motion for Appointment of Counsel**

The Court has the authority to appoint "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In a civil case, however, a party does not have a right to appointment of counsel, and appointment is only appropriate in exceptional circumstances. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012); *Jackson v. Cain*, 864 F.2d 1235, 1242. The burden of persuasion rests on the party requesting counsel. *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. App'x 329, 333 (5th Cir. 2013).

Because Plaintiff is attempting to bring a frivolous lawsuit, his Motion for Appointment of Counsel, (Dkt. 3), is **DENIED**.

## C. Pre-Filing Injunction

As discussed above, Plaintiff has filed more than five meritless lawsuits in this Court in the last four months. Given Plaintiff's history of filing frivolous lawsuits, the Court finds that he should be barred from filing any future lawsuits without first receiving permission from a Court within this District.

District Courts possess inherent power to "protect the efficient and orderly administration of justice . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *See Mendoza v. Lynaugh*, 898 F.2d 191, 195–97 (5th Cir. 1993). No pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). In determining whether to impose such an injunction, the Court must weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *See id.* at 189. A pre-filing injunction must be "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 187. District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and

provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

The Court concludes that it would be appropriate to impose a pre-filing injunction on Plaintiff requiring him to obtain permission from a United States District Judge before filing any future lawsuits in the Western District of Texas. If Plaintiff opposes the entry of such an injunction, he may file his objections within fourteen (14) days of the entry of this order.

### III.  CONCLUSION

In accordance with the foregoing discussion, the Court **GRANTS** Plaintiff *in forma pauperis* status (Dkt. 4). The Court **DENIES** Plaintiff's Motion for Appointment of Counsel (Dkt. 3). Plaintiff's § 1983 lawsuit is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court further concludes that it would be appropriate to impose a pre-filing injunction on Plaintiff requiring him to obtain permission from a United States District Judge before filing any future lawsuits in the Western District of Texas. So that Plaintiff is given an opportunity to respond to this finding, the Court **HEREBY NOTIFIES** Plaintiff that if he opposes the entry of such an injunction, he may file his objections within fourteen (14) days of the entry of this order.

**SIGNED** on July 16, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE